## DENTON et al. v. WATSON.

Eastern Section. March, 1932.

Petition for Certiorari denied by Supreme Court, July, 1932.

Zirkle & Bowers, of Chattanooga, for appellants.
R. L. Ogle, for appellee.

SNODGRASS, J. The first assignment is that "there is no evidence to support the verdict."

The remaining assignments are as follows:

II. "The Court was in error in finding that the defendant Roy Denton drove into the intersection of Jackson Avenue and Prince Street—traveling north—and entered said intersection on the left hand or west side of Jackson Avenue and turned left or west into Prince Street on the south half of Prince Street, and the Court was in error in holding that this was the proximate cause of the accident."

III. "The Court found and held that Frank Watson, driver of the plaintiff's car, was driving too fast as he approached the intersection of Jackson Avenue and Prince Street but that the rate of speed at which he was traveling would not be the proximate cause of the injury, and in so holding the Honorable Court was in error."

IV. "The Court was in error in not finding that Frank Watson—driver of the plaintiff's car—saw the car of the defendant Roy Denton enter the intersection of Jackson Avenue and Prince Street while he was some distance west from said intersection and on Prince

Street and failed to stop or slow down, but drove on to and into Jackson Avenue at a rapid rate of speed with the purpose of passing to the left hand side of Prince Street and passing in front of the defendant's car at a high rate of speed which was the proximate cause of the injury.''

V. ''The Honorable Court was in error in finding the facts in favor of the plaintiff under the cross-action of the defendant and was in error in dismissing the cross-action without a recovery of damages thereunder.''

Sevierville appears to be an incorporated town, and was operating under an ordinance regulating the speed of automobiles on its streets which forbade them to be operated thereon at a greater rate of speed than fifteen miles per hour. The accident occurred within the city limits on December 16, 1930, at the junction of Prince and Grace streets, the latter being called also Jackson avenue.

The above diagram illustrates the manner of their right angle intersection as well as the points of the compass.

The son of plaintiff Watson was driving east on Prince street. The weight of the proof is clearly to the effect that he was exceeding the prescribed limit of speed and approached the intersection of the Grace street so that he was unable to yield the right of passage to the defendant Denton, who had earned it by reason of occupying it first, taking the risk, we think that it is shown, that he thought he could pass ahead of Denton's car, but, when he saw his mistake, attempted, as he said, to jerk his car to the left, and did so. In the meantime, Denton, instead of passing the intersection before turning to his left into Prince street, as he claimed he did do, cut the southwest corner of Grace and Prince streets, and ran into the plaintiff's car, striking it at an angle just behind the right forefender with his right bumper and front wheel, the impact being such as to whirl the plaintiff's car clear across Grace street, changing the front end so as to make it face in the direction of West Grace, the back end striking a telegraph pole with such force as to almost, if not quite, demolish it, while the defendant's car was checked and skidded somewhat towards the southwest or Murphy corner of Prince and Grace streets. Both these parties were guilty of negligence, we think, that proxi-

mately contributed to the injury of each in approaching this intersection without having their cars under proper control so as to avoid this accident, and hence there can be no recovery at the instance of either party.

The circuit judge was not in error in dismissing the cross-action of the defendants, and his judgment to this extent is sustained. But he was in error in holding the defendants liable to the plaintiff, because, being proximately negligent himself, he has no ground of recovery as against the defendants.

The rule of comparative negligence is not recognized in Tennessee, where the negligence of each comes within the realm of proximate. In 9 Encyclopedic Digest of Tennessee Reports, p. 418, numerous cases are digested as holding:

"If both parties are guilty of fault or negligence that contributes directly and proximately to cause plaintiff's injury he cannot recover."

Following the citations under the foregoing announced principle, the following instruction was held also to be a correct charge:

"If you believe from the evidence that plaintiff was guilty negligence, and that this negligence combined with the negligence of defendant to produce the accident so that both acts together constituted the priximate cause of the injury, then the negligence of the plaintiff, however slight, would bar a recovery, and you should find for the defendant."

Thus we see, as applied to both the original plaintiff and cross-litigant, these principles give to neither a status under which any recovery can be maintained as against the other except for costs.

This finding, we think, sufficiently indicates our disposition of each assignment. We affirm the court's judgment in holding that the evidence as a whole did not entitle the defendants to any judgment on their cross-action. We likewise hold that the evidence as a whole did not entitle the original plaintiff to any judgment, and that the court erred in allowing such. The judgment is therefore reversed, and the case dismissed.

The plaintiffs in error and their security will pay one-half the costs of this cause, and the original plaintiff and his security on the cost bond will pay the other one-half of the costs and executions are awarded in accordance.

Portrum and Thompson, JJ., concur.